IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND LAVORICO,

        Petitioner,                  No. CIV S-08-1625 JAM GGH P

        vs.

PEOPLE OF THE STATE

OF CALIFORNIA, et al.,

        Respondents.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 10, 2008, respondent filed a motion to dismiss.  On October 21, 2008, the court ordered petitioner to show cause for his failure to file an opposition to respondent's motion to dismiss.  Petitioner filed a declaration on October 28, 2008.

<u>Exhaustion Standard</u>

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

\\\\\

\\\\\

1

be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Respondent contends that petitioner has failed to exhaust his state court remedies for the single claim in the petition of ineffective assistance of counsel.  Petitioner acknowledges that he has not exhausted state court remedies.  Petitioner's October 28, 2008, declaration, that this court will construe as a response, states petitioner was not aware that he had to file in state court as he had previously been denied relief from state courts on a separate claim not present in the instant petition.

The court finds that petitioner has failed to exhaust state court remedies.  The claim has not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.   Accordingly, the petition should be dismissed without prejudice.[2]

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss for failure to exhaust state court remedies, filed on September 10, 2008, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] Because the only claim in the petition has not been exhausted, the case should be dismissed rather than stayed.  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1   objections with the court and serve a copy on all parties.  Such a document should be captioned
2   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3   shall be served and filed within ten days after service of the objections.  The parties are advised
4   that failure to file objections within the specified time may waive the right to appeal the District
5   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2008

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
lavo1625.mtd